UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD LONZELL HERNDON, | No. 2:15-cv-2415 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| RIO CONSUMNES CORRECTIONAL CENTER, | |
| Defendant. | |

Plaintiff, a former county and current state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. Plaintiff has not, however, filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). The court recently began using a new application to proceed in forma pauperis that authorizes the California Department of Corrections and Rehabilitation (CDCR) to provide a certified copy of plaintiff's trust account statement directly to the court. Therefore, instead of having plaintiff submit a certified copy of his trust account statement, his

1

previous request will be denied and he will be provided a copy of the new form, which he should complete and file in this case so that the court may obtain a certified copy of his trust account statement directly from the CDCR. No action will be taken with regards to plaintiff's complaint until such time as he submits the new in forma pauperis application. See L.R. 121(c).

## II.        Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)
////

1  (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d
2  ed. 2004)).

3    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell
5  Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
6  content that allows the court to draw the reasonable inference that the defendant is liable for the
7  misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint
8  under this standard, the court must accept as true the allegations of the complaint in question,
9  Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading
10 in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.
11 McKeithen, 395 U.S. 411, 421 (1969).

12   III.  Failure to State a Claim

13   Plaintiff lists a number of defendants and appears to claim that they have ruled that he is a
14 liar. ECF No. 1 at 2-3. The complaint also includes the phrase "Hoax Indicement [sic]" and
15 requests money damages, clemency, and that he be discharged. Id. at 3. The court is unable to
16 understand what kind of claim plaintiff is attempting to bring and it appears that he may actually
17 be trying to bring a habeas petition. Because the court is unable to understand plaintiff's
18 allegations, the complaint will be dismissed and he will be given leave to amend. If plaintiff is
19 trying to challenge his conviction, then his claims should be brought in a petition for writ of
20 habeas corpus.

21   IV.  Leave to Amend

22   If plaintiff chooses to file a first amended complaint, he must demonstrate how the
23 conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo
24 v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how
25 each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th
26 Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link
27 or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy,
28 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official

3

1    participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,
2    268 (9th Cir. 1982) (citations omitted).

3        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
4    his first amended complaint complete.  Local Rule 220 requires that an amended complaint be
5    complete in itself without reference to any prior pleading.  This is because, as a general rule, an
6    amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
7    1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims
8    dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent
9    amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the
10   original complaint no longer serves any function in the case.  Therefore, in an amended
11   complaint, as in an original complaint, each claim and the involvement of each defendant must be
12   sufficiently alleged.

13   V.     Summary

14       Plaintiff's motion to proceed in forma pauperis is denied and plaintiff must submit another
15   application on the form provided by the court.

16       The complaint is dismissed with leave to amend because the court is unable to understand
17   what plaintiff is claiming.  If plaintiff chooses to amend his complaint, the first amended
18   complaint must name all the defendants plaintiff wants to bring claims against and explain what
19   each defendant did to violate his rights.  Any claims or defendants not in the first amended
20   complaint will not be considered.

21       In accordance with the above, IT IS HEREBY ORDERED that:

22       1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied.

23       2. Within thirty days of service of this order, plaintiff shall submit the completed
24   Application to Proceed In Forma Pauperis By a Prisoner that he receives from the court so that
25   the court may obtain a certified copy of his trust account statement.  Plaintiff's failure to comply
26   with this order will result in a recommendation that this action be dismissed.

27       3. Plaintiff's complaint is dismissed with leave to amend.

28   ////

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district and an Application to Proceed In Forma Pauperis By a Prisoner.

DATED: November 8, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5